**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                      No. CR 17-2583 JCH

DAVID LUNA-GOMEZ,
Aka Sergio Sauzameda,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On May 13, 2018, Defendant David Luna-Gomez ("Defendant") filed a Motion to Reconsider, in Part, Court's Order Denying Defendant's Motion to Compel Specific Discovery (ECF No. 77). The Government did not file a response and the time for filing a response brief has passed. The Court, having considered the motion, record, applicable law, and otherwise being fully advised, concludes that the motion to reconsider should be denied.

**I.**     **BACKGROUND**

A federal grand jury returned a three-count indictment charging Defendant Luna-Gomez with two counts: (1) conspiracy to distribute 50 grams and more of methamphetamine from on or about May 23, 2015, and continuing to on or about December 19, 2016; (2) conspiracy to distribute 1 kilogram and more of heroin from on or about June 1, 2016, and continuing to on or about June 22, 2016. In Count 2, the Government charges that Defendant Luna-Gomez conspired with co-Defendants Emigdio Villanueva, Olivia Ceniceros-Favela, and Elizabeth Ordonez-Ochoa. Count 3 additionally charges Ms. Ordonez-Ochoa and Ms. Ceniceros-Favela with possession with intent to distribute 1 kilogram and more of heroin on June 22, 2016.

On March 21, 2018, Defendant David Luna-Gomez ("Defendant") filed an Amended Motion for Order Compelling Specific Discovery (ECF No. 71). Defendant requested, among other things, the arrest report regarding Elizabeth Ordonez-Ochoa's June 22, 2016 arrest for the charged crimes and the interview reports and law enforcement notes regarding Ms. Ordonez-Ochoa. *See id.* at 5. In a Memorandum Opinion and Order, the Court denied those specific requests, holding that they were protected from disclosure under Rule 16(a)(2)'s work product exception and that Defendant did not meet his burden of showing that the reports or notes contain exculpatory material or information with impeachment value. Mem. Op. and Order 6-7, ECF No. 76.

Four days later, Defendant filed a Motion to Reconsider, in Part, Court's Order Denying Defendant's Motion to Compel Specific Discovery (ECF No. 77). Defendant argues that the Court "failed to consider the fact that the evidence requested relates to Count 3 of the indictment and the reality that the government will introduce evidence relating to this June 22, 2016, arrest and seizure in its case in chief against Mr. Luna-Gomez." Def.'s Mot. to Reconsider 1, ECF No. 77. Defendant asserts that Rule 16(a)(2)'s exemption must give way to Rule 16(a)(1)(E)(ii). Defendant additionally asserts that the Government already disclosed the requested evidence to fugitive co-defendant Ordonez-Ochoa "and likely disclosed it to co-defendant Ceniceros-Favela." Def.'s Mot. to Reconsider 2-3, ECF No. 77. Defendant states that he obtained a partial copy of the report of the June 22, 2016 arrest from Ms. Ordonez-Ochoa's former attorney. *Id.* at 3 n.1. Defendant thus contends he too is entitled to disclosure of the evidence.

II. ANALYSIS

Federal Rule of Criminal Procedure 16(a)(1)(E)(ii) provides that the government must disclose to the defendant, upon his request, papers and documents, "if the item is within the government's possession, custody, or control and … (ii) the government intends to use the item in

its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E). The Court is not convinced it made a clear error of law in its prior opinion. There is nothing indicating the Government will attempt to admit law enforcement reports or notes in its case-in-chief at trial. Instead, the reports and notes fall within Rule 16(a)(2)'s exemption for the reasons stated in this Court's previous Memorandum Opinion and Order. To the extent Defendant is requesting the disclosure of documents and tangible objects the Government intends to use at trial, the Court's standing Discovery Order (ECF No. 19) already covers such disclosure and it is unnecessary to compel herein.

Secondly, Defendant appears to be arguing that the Government waived its work product privilege by disclosing the reports to other co-defendants. General rules regarding the waiver of the attorney work product privilege apply in a criminal case. *See United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995). "A waiver is a voluntary and intentional relinquishment of a known right or conduct that warrants an inference of such a relinquishment." *Id.* (quoting *Highlands Ins. Co. v. Allstate Ins. Co.*, 688 F.2d 398, 404 (5th Cir. 1982)). The government, however, can waive the rule's protections conditionally. *See id.* at 332. Even assuming Defendant is correct and the Government fully disclosed the reports to co-defendants, that limited disclosure does not necessarily work as an absolute waiver of the privilege. Defendant has cited no authority in support of his position. The Court will not compel disclosure of reports and notes that clearly fall within Rule 16(a)(2)'s work product protection and when there is no evidence showing an absolute waiver of the privilege. *Cf. id.* ("In the light of these facts, we conclude that, even assuming the government's conduct satisfies the principles of waiver generally, the government did not waive its Rule 16(a)(2) privilege absolutely. Instead, it waived the rule's protections conditionally; that is, the government agreed to suspend Rule 16(a)(2) so long as the defendants did not copy the privileged materials. When this condition was breached, however, the obligation of the

government terminated, the parties returned to the status quo ante, and the government was, therefore, free to reassert its Rule 16(a)(2) privilege against disclosure.").

**IT IS THEREFORE ORDERED** that Defendant Luna-Gomez's Motion to Reconsider, in Part, Court's Order Denying Defendant's Motion to Compel Specific Discovery (**ECF No. 77**) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**